**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| GROUP, INC.,   )<br>   )<br>   Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>FIRST FINANCIAL INSURANCE )<br>CO. and G'NALD MALIK   )<br>SHARPE,   )<br>   )<br>   Defendants.   ) | CIVIL ACTION NO.<br>2:23cv55-MHT<br>(WO) |

*Correction: GROUT, INC.*

**OPINION AND ORDER**

In response to a lawsuit brought by plaintiff Grout, Inc., against defendants First Financial Insurance Company (FFIC) and G'Nald Malik Sharpe in state court, FFIC removed the case to federal court based on diversity-of-citizenship jurisdiction. *See* 28 U.S.C. § 1332 (diversity jurisdiction); *see also id.* § 1441 (removal jurisdiction). Grout now asks this court to remand its case to the state court. For the reasons set out below, Grout's motion for remand will be granted.

## I. BACKGROUND

After experiencing a theft of materials, Grout filed suit against the defendants, asserting against Sharpe a conversion claim and against FFIC claims of breach of contract, bad faith, breach of duty of good faith and fair dealing, and negligence and wantonness.  Sharpe was previously arrested in connection with possessing materials stolen in the theft.  Grout has insurance coverage through FFIC, which ultimately denied benefits following the theft.

In its state-court complaint, Grout seeks compensatory and punitive damages, attorney's fees, and interest.  FFIC then removed the case to federal court, alleging that the lack of diversity jurisdiction is due to fraudulent joinder.  In response, Grout filed a motion to remand, which was then fully briefed.

## II. DISCUSSION

### A.

A defendant is authorized to remove a case to federal court when subject-matter jurisdiction exists. *See* 28 U.S.C. § 1441(a). In cases where such jurisdiction is premised on diversity of citizenship between the parties, federal law requires that, among other criteria, the matter in controversy exist between "citizens" of different States. *See* 28 U.S.C. § 1332(a)(1). And this federal "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). A corporation is "deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Courts "construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party," *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir.

3

1998), such that "the removing party bears the burden of demonstrating federal jurisdiction," *Triggs*, 154 F.3d at 1287 n.4.

Here, Grout alleges that this court lacks subject-matter jurisdiction because there is not complete diversity of citizenship between it and the defendants. Its complaint alleges that Grout is a citizen of Alabama, that Sharpe is a citizen of Alabama, and that FFIC "was formed under the laws of Illinois." Compl. (Doc. 1-2) at 3. FFIC does not dispute any of those representations. Its notice of removal acknowledges that Grout is a citizen of Alabama, that Sharpe is a citizen of Alabama, and that FFIC is "a corporation organized and existing under the laws of ... Illinois with its principal place of business located in ... Connecticut." Notice of Removal (Doc. 1) at 3.

The fact that Grout and Sharpe are both citizens of Alabama threatens complete diversity and thus the existence of subject-matter jurisdiction. And if subject-matter jurisdiction does not exist, this court

4

cannot hear the case and must remand it to state court. *See Triggs*, 154 F.3d at 1287 (noting that, *ceteris paribus*, a "lack of complete diversity ... would preclude removal of the case to federal court").

B.

Though it does not challenge any party's citizenship, FFIC argues that an exception permits this court to exercise jurisdiction. It asserts that the doctrine of fraudulent joinder salvages jurisdiction despite the presence of nondiverse parties. The court must therefore decide whether there was fraudulent joinder as to Grout's inclusion of Sharpe, an Alabama citizen, as a defendant.

As the Eleventh Circuit Court of Appeals has recognized, a diversity-jurisdiction case that lacks complete diversity "may nevertheless be removable if the joinder of the non-diverse party ... were fraudulent." *Triggs*, 154 F.3d at 1287; *see Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996). That court has recognized three theories of fraudulent joinder, of

5

which FFIC advances just one: a misjoinder scenario "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287. FFIC's burden of proving fraudulent joinder is "a heavy one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (internal quotation marks omitted).

In *Triggs*, the Eleventh Circuit turned to the Federal Rules of Civil Procedure as a reference point for assessing assertions of fraudulent joinder on removal. *See Triggs*, 154 F.3d at 1288. Rule 20 provides for the permissive joinder of parties, such that, "Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any

6

question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Rule also provides that, "Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded." Fed. R. Civ. P. 20(a)(3).

Here, the Rule 20 criteria are met. First, Grout's claims against Sharpe and FFIC arise out of the same transaction or occurrence, namely the theft of Grout's materials. The claim against Sharpe so arises because the conversion charge expressly alleges that he possessed or had dominion over materials lost in the theft. And the claims against FFIC so arise because they directly concern FFIC's handling of an insurance claim filed by Grout concerning that same theft. This analysis coheres with Eleventh Circuit case law, which emphasizes that a transaction or occurrence within the meaning of Rule 20 "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship," such that "all

7

logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Daker v. Holmes*, No. 20-13601, 2022 WL 2129076, at *5 (11th Cir. June 14, 2022) (not reported in Fed. Rptr.) (internal quotation marks omitted).

Second, there are questions of fact common to both defendants. The facts surrounding the theft of Grout's materials are critical to claims against both Sharpe (whom Grout charges with converting certain stolen materials) and FFIC (which Grout charges with mishandling insurance claims about the theft). True, FFIC asserts that "the manner and means in which the theft was carried out is immaterial to the claims against" it. Br. in Opp'n to Remand (Doc. 11) at 6. But that contention is flatly refuted by FFIC's acknowledgement that the "existence and operation of a 'security monitoring system' on the property" is a relevant factual issue as to the claims against it. *Id*. How the property where the theft occurred was guarded and secured is, of course,

8

intimately entangled with the manner and means in which the theft was carried out.  Moreover, FFIC conducted its own months-long investigation of the theft before denying Grout's insurance claims, and Grout now alleges that FFIC has proffered pretextual reasons about the site's security monitoring system to justify its denial.  This further highlights the common questions of fact across both Sharpe and FFIC.[1]

FFIC has not met its heavy burden to demonstrate misjoinder.  Indeed, it fails to prove that any of the Rule 20 criteria is not met.  Accordingly, the court finds that there was no misjoinder as to Grout's inclusion of Sharpe as a defendant in this case.[2]  Without misjoinder, there can be no fraudulent joinder here.  As

---

1. Other district courts in this circuit have similarly recognized that common questions of fact often arise when a suit names as defendants both a party alleged to be involved in an underlying incident and an insurer responsible for claims arising out of that incident. *See, e.g.*, *Luke v. O'Hearn*, No. 4:13-CV-535 CDL, 2014 WL 1153786, at *3 (M.D. Ga. Mar. 20, 2014) (Land, J.).

2. Because the court finds that there was no misjoinder as to Sharpe, it need not reach the question of whether any such misjoinder was egregious enough to constitute fraudulent joinder.

9

a result, this case does not fall into the narrow exception that permits federal courts to exercise jurisdiction in certain cases that lack complete diversity. Instead, the absence of complete diversity precludes this court's subject-matter jurisdiction and requires remand to the state court.

C.

FFIC also asks this court to sever Grout's claims against FFIC from the one against Sharpe in order to remand only the latter to state court. A district court has considerable discretion as to the severance of claims. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). Because Sharpe was properly joined as a defendant, as discussed above, the court exercises that discretion and declines FFIC's invitation to sever Grout's claims.

**D.**

An order remanding a case for lack of subject-matter jurisdiction "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Here, Grout seeks attorney's fees pursuant to § 1447(c), while FFIC argues that such an award is unwarranted.

"The appropriate test ... under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005).  Accordingly, courts should generally award fees "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.

There is therefore "no presumption in favor of awarding attorney's fees ... under Section 1447(c)."  *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021) (citations omitted).

Circumstances that warrant remand do not necessarily reflect that a fee is justified as well.

The court finds that attorney's fees should not be awarded here.  In seeking fees to cover removal-related expenses, Grout includes only a perfunctory request in each of its two filings concerning remand.  It provides no reasoning in support of its request; it "does not accuse the insurance compan[y] of factual misrepresentations, making frivolous legal arguments, or anything similar that might have rendered [its] removal[] objectively unreasonable."  *Id*.  While Grout, a time or two in support of remand, gives FFIC's arguments the one-word label of being "specious[]," Reply in Supp. of Remand (Doc. 12) at 1, Grout does not go further and show how that characterization supports an award of fees--for, as stated, the fact that remand is warranted does not mean that a fee is appropriate as well.  In other words, Grout does not, with reasoning drawn from a discussion of the record, connect that characterization to its request for fees.

The court thus declines to decide whether, given the underlying factual record and current legal landscape, a plaintiff in Grout's shoes could possibly make a successful claim for attorney's fees.³ Instead, it finds narrowly that, as briefed and argued here, Grout has failed to do so.

* * *

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that the that the motion by plaintiff Grout, Inc., to remand the instant case to state court (Doc. 7) is granted and that this case is remanded to the Circuit Court of Lowndes County, Alabama, pursuant to 28 U.S.C. § 1447(c) for want of subject-matter jurisdiction.

---

3. *Cf. MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021) ("[B]y saying that the district court did not abuse its discretion, we do not address whether another or even the same district court could properly decide to award attorney's fees and costs when faced with a substantially similar removal.").

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 26th day of June, 2023.

                                         /s/ Myron H. Thompson
                                       **UNITED STATES DISTRICT JUDGE**